UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS ADACIA, | ) | CASE NO. 1:25-CV-1388 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| CITY OF CLEVELAND, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

## I. INTRODUCTION

*Pro se* Plaintiff Adacia Douglas, who also refers to himself as Douglas Adacia, filed this action against the City of Cleveland, eight Cleveland Police Officers, the Mayor of Cleveland, Millenia Housing and its manager, and two individuals who do not appear to have an official title. (ECF No. 1, PageID #7–9). The complaint is difficult to decipher. He asserts claims for assault, retaliation, conspiracy, harassment, excessive force, violation of freedom of speech, and violation of freedom of expression. (*Id*. at PageID #5–6).

This case is the fourth of ten cases Plaintiff has filed with similar allegations against the City of Cleveland and Cuyahoga County. *See Adacia v. Cuyahoga Cty Sheriff*, No. 1:25 CV 01312 (N.D. Ohio filed June 24, 2025)(Barker, J.); *Adacia v. Cuyahoga Cty Sheriff Dept.*, 1:25 CV 1326 (N.D. Ohio filed June 25, 2025)(Gaughan, J.); *Adacia v. Bishop William A. Cosgrove Ctr.*, No. 1:25 CV 1336 (N.D. Ohio filed June 26, 2025)(Barker, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1388 (N.D. Ohio filed July 1, 2025)(Fleming, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1393 (N.D. Ohio filed July 2, 2025)(Brennan, J.); *Adacia v. Bibb*, No. 1:25 CV 1405 (N.D. Ohio filed July 3, 2025)(Gaughan, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1442 (N.D. Ohio filed July 9, 2025)(Brennan, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1469 (N.D. Ohio filed July

1

14, 2025)(Polster, J.); *Adacia v. Bibb*, No. 1:25 CV 1484 (N.D. Ohio filed July 15, 2025)(Fleming, J.); *Adacia v. Focus Cleveland*, No. 1:25 CV 1516 (N.D. Ohio filed July 21, 2025)(Polster, J.). Plaintiff allegedly frequently visits City of Cleveland and Cuyahoga County offices and requests the production of public records. (ECF No. 1, PageID #2). It is unclear what type of records he is seeking or how he issues his requests; however, both the City of Cleveland and Cuyahoga County have deemed his behavior disruptive enough to issue no trespass orders barring him from City and County public buildings. All the complaints contain allegations that the Mayor of Cleveland, the Cleveland Chief of Police, and the Cuyahoga County Sheriff's Department formed a street gang and recruited law enforcement officers and civilians to target him for violence.

Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 2). That application is **GRANTED**.

## II. BACKGROUND

Plaintiff alleges he is a minister in religion science in the music entertainment industry and owns a company that generates millions of dollars in profits. (ECF No. 1, PageID #2). He contends, "Mayor Bibb Justin Chief of Police Todd Dorothy and Mark Webster made a[n] agreement with each other to use there [sic] job powers to create a gang that will rob the Plaintiff of all [his] business ideas, profits including cash jeweler [sic] from celebrities and legal documents from a combination of Mia-dade [sic] County Federal Court house and criminal courts there and here Cuyahoga County." (*Id*.). He states that those three individuals "create any lie" to arrest him. (*Id*.). He contends they offered rewards to law enforcement to kill, arrest, rob, assault, harass, and stalk him. (*Id*.). He alleges he has been tortured and abused 24 hours a day and 7 days a week since he returned to Cleveland in 2022. (*Id*.). He states that they conspired to recruit citizens to assist their gang, and the number of recruits is over a thousand. (*Id*.). Plaintiff asserts that these

random citizens spit on him and in his food, spray him with chemicals, shoot him with "tazzer darts," and create electronic buzzing noises. (*Id*.). He avers they threaten him and his family with death or severe harm. (*Id*.). He says that the Cuyahoga County Clerk of Courts Office starts fights and arguments with him to hinder his work. (*Id*.). He indicates he is collecting public records. (*Id*.).

Plaintiff alleges that the Cleveland Police conspired to break into his apartment and kill or assault him. (*Id*. at PageID #3). He called 911 to report that he was being robbed in his home at gun point. (*Id*.). He states the Cleveland police recruited civilians to assist by kicking in the door and striking him repeatedly. (*Id*.). He allegedly escaped and hid in the bathroom until police arrived. (*Id*.). He asserts he saw officers having discrete conversations with the civilians to plan how they could avoid arrest. (*Id*.). He alleges he was handcuffed and taken to the hospital and then to jail. (*Id*. at PageID #4).

### III. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

### IV. DISCUSSION

In reviewing a complaint, the Court must construe it in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, has discretion to dismiss a claim as factually frivolous if the Plaintiff's allegations are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The case at bar presents such a complaint. It does not contain a coherent, rational statement of facts, or plausible legal claims.

### V. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: August 4, 2025

_____
**CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE**